UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL E. WILLIAMS and            )
KIMBERLY K. WILLIAMS,               )
    Plaintiffs,                              )
                                                    )
    v.                                         )   CAUSE NO.: 3:24-CV-364-JTM-JEM
                                                    )
THOR MOTOR COACH, INC.,           )
    Defendant.                             )

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint [DE 26], filed August 1, 2024.

On January 18, 2024, Plaintiffs filed a complaint bringing claims for breach of contract and breach of warranty, and violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq, arising out of Defendant's sale of a recreational vehicle (RV) to Plaintiffs. On July 3, 2024, the Court entered a scheduling order to begin discovery. Plaintiff filed the instant motion seeking to add claims for violations of the Indiana Deceptive Consumer Sales Act (IDSCA) and negligence based on information obtained in discovery. Defendants filed a response on August 8, 2024, and on August 19, 2024, Plaintiff filed a reply.

**I.    Analysis**

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies

1

within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

A. Indiana Deceptive Consumer Sales Act

Plaintiff seeks to add a claim for violation of Indiana's Deceptive Consumer Sales Act (IDCSA), Ind. Code § 24-5-0.5, which prohibits deceptive acts or practices in connections with consumer transactions. Plaintiffs allege that Defendant knew of the defects in the RV, knew it could not repair them under the warranty, knew it could not provide a non-defective RV within a reasonable time, intentionally or recklessly promised that the defects could be cured before Plaintiffs took the RV, and failed to cure the defects. Defendant argues that Plaintiffs are simply bringing a breach of warranty claim, which cannot form the basis of a claim under IDCSA.

2

*Litsinger v. Forest River, Inc.*, 536 F. Supp. 3d 334, 360 (N.D. Ind. 2021) (citing *Castagna v. Newmar Corp.*, 340 F. Supp.3d 728, 741 (N.D. Ind. 2018); *McKinney v. State*, 693 N.E.2d 65, 73 (Ind. 1998)). Plaintiffs argue that their allegations are more than just puffery, mere breach of warranty, or unseen defect.

"[B]efore a consumer can establish liability [under IDCPA], there must either be compliance with the notice requirements coupled with proof that the act is 'uncured' or proof that the act is 'incurable.'" *A.B.C. Home & Real Est. Inspection, Inc. v. Plummer*, 500 N.E.2d 1257, 1262 (Ind. Ct. App. 1986). Although Plaintiffs acknowledge that there are two types of actionable deceptive acts under IDCSA, they do not identify which they are attempting to claim.

"A plaintiff asserting a claim for an incurable deceptive act under the IDCSA must present facts to show what the fraudulent or deceptive act was, when and how it was committed, and how plaintiff relied on said deceptive act to [their] detriment." *Jones v. Bridgepoint Educ., Inc.*, No. 1:16-CV-338, 2017 WL 2438461, at *4 (N.D. Ind. June 5, 2017); *see also Zylstra v. DRV, LLC*, 8 F.4th 597, 610 (7th Cir. 2021). The proposed amendment does not satisfy the heightened pleading requirements of Rule 9(b), so Plaintiffs have not stated a claim for an incurable deceptive act. *McKinney*, 693 N.E.2d at 67 ("[W]e hold that Indiana Trial Rule 9(B)—which requires that fraud be pleaded with 'particularity'—applies to actions under the [IDCSA] Act that are 'grounded in fraud.'"); *see also Young v. Harbor Mortor Works, Inc.*, No. 2:07CV0031JVB, 2009 WL 187793, at *6 (N.D. Ind. Jan. 27, 2009) ("In his Amended Complaint, Young does not specifically identify whether he is alleging 'uncured' or 'incurable' deceptive acts under the IDCSA, nor does he allege any facts supporting a claim of an 'uncured' deceptive act. Accordingly, because the basis for Young's IDCSA claim is plainly fraud, he must meet the pleading requirements of Rule 9(b).")

Since they do not state a claim for fraud under Rule 9(b), it appears that Plaintiffs desire to bring a claim for an uncured deceptive act. "To bring a claim for an uncured deceptive act under the IDCSA, a plaintiff must provide 'not only a complete description of the actual damage suffered, but also a description of the alleged deceptive act . . . so that the supplier has an opportunity to correct the problem.'" *Jones*, 2017 WL 2438461, at *2 (quoting *A.B.C. Home*, 500 N.E.2d 1257 at 1262; citing Ind. Code § 24-5-0.5-5(a)).

Plaintiffs include what they term a list of "uncured, unfair, abusive, and/or deceptive acts" allegedly committed by Defendant. ¶ 68. They list as one of those acts "Violatoin (sic) of the IDCSA, either directly and/or through its authorized dealer as agent." ¶68(B). However, that does not identify the deceptive act, and the rest of the paragraph continues to repeat the components of possible IDCSA claims without specific facts for the Court to conclude that Plaintiffs are entitled to relief. *See, e.g., Litsinger*, 536 F. Supp. 3d at 361 ("that a product suffers from an unforeseen defect, or even that the manufacturer proves unable to complete the warranted remedy of a repair, or perhaps that the repair occurs later than as promised in the warranty because of commercial reasons, or that any other number of warranty breaches occur doesn't mean that the supplier acted abusively or deceptively[, and] . . . a statement of opinion or mere puffing about a product will not serve as a representation of fact that could be deceptive under the IDCSA"). "[P]laintiff[s'] obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted). Plaintiffs have failed to state a claim under the IDCSA in their proposed amended complaint.

B. <u>Negligence</u>

Plaintiffs seek to add a claim that Defendant owed a duty to repair the RV before allowing Plaintiffs to purchase it and was negligent in failing to perform repairs it knew were needed before it could sell the RV in new condition. Defendant argues that Plaintiffs' proposed negligence claim is barred by the economic loss doctrine because Plaintiffs seek solely economic damages.

Under Indiana law, the tort of negligence renders a defendant liable to a plaintiff if "(1) the defendant has a duty to conform its conduct to a standard of care arising from its relationship with the plaintiff, (2) the defendant failed to conform its conduct to that standard of care, and (3) an injury to the plaintiff was proximately caused by the breach." *Indianapolis-Marion Cnty. Pub. Library*, 929 N.E.2d 722, 726 (Ind. 2010). When the "injury to the plaintiff is from a defective product or service . . . , the defendant is liable under a tort theory if the defect causes personal injury or damage to property other than the product or service itself." *Id*. However, "a defendant is not liable under a tort theory for any purely economic loss caused by its negligence (including, in the case of a defective product or service, damage to the product or service itself)." *Id*. at 726-27. The Indiana Supreme Court explains that "[t]his rule precluding tort liability for purely economic loss–that is, pecuniary loss unaccompanied by any property damage or personal injury (other than damage to the product or service itself)–has become known as the 'economic loss rule.'" *Id*. at 727.

Plaintiffs argue that damages sustained through the repair process and by the new products installed in the RV by Defendant are not excluded by the economic loss doctrine, citing *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150 (Ind. 2005), in support of their argument that property acquired separately from other manufacturers and incorporated into the seller's product is not excluded by

the economic loss doctrine. However, the *Gunkel* plaintiffs were suing the company who installed a façade on the house for damage to the rest of the house, and the Supreme Court of Indiana held that, for the purposes of the economic loss doctrine, "property acquired separately from the defective good or service is "other property," whether or not it is, or is intended to be, incorporated into the same physical object." *Id*. at 155. It reasoned that "[o]nly the supplier furnishing the defective property or service is in a position to bargain with the purchaser for allocation of the risk that the product or service will not perform as expected." *Id*. Here, however, Plaintiffs are not suing the manufacturer or installer of parts that damaged the RV, but are suing the provider of the RV, who is also the provider of the parts and repairs, for damages arising out of the contractual relationship. There is no "other property." Plaintiffs' negligence claim as alleged is barred by the economic loss doctrine and is therefore futile.

## II.     Conclusion

For the foregoing reasons, the Court **DENIES** the Plaintiffs' Motion for Leave to Amend Complaint [DE 26].

SO ORDERED this 17th day of October, 2024.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record